**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
NORFOLK DIVISION


**UNITED STATES of AMERICA**

**v.**                                                 **Criminal No.: 2:93cr66-1**

**CLINTON STANLEY MATTHEWS,**

    **Defendant.**


## OPINION and ORDER

This matter is before the Court on Defendant Clinton Stanley Matthews' ("Defendant" or "Matthews") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)"). Doc. 4[1] (Motion for Sentence Reduction filed May 31, 2007). For the following reasons, Defendant's Motion is hereby **DENIED**.


## I. PROCEDURAL HISTORY

On April 23, 1993, a multiple count indictment was filed in open court, charging Defendant with numerous crimes. Docket No. 2:93cr66-1 at 1. On July 19, 1993, a trial by jury was commenced, and on July 27, 1993 the jury returned its verdict. Docket No. 2:93cr66-1 at 2. Defendant was found guilty of Counts 1, 3, 5, 6, 9, 21, 22, and 41. Docket No. 2:93cr66-1 at 2. Count 1 alleged Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Cocaine Base and Heroin, in violation of 21 U.S.C. § 846. Judgment in a Criminal Case ("Judgment") at 1. Count 3 charged Distribute a Mixture or Substance Containing Cocaine Base, in violation of

---

[1] Docket entries made after September 15, 2004 are listed as Doc. (docket entry number), and entries made prior thereto are referred to as Docket No. 2:93cr66-1 at (page number). Documents docketed on or before September 15, 2004 are referred to by their document name.

21 U.S.C. § 841(a) and 18 U.S.C. § 2.  Judgment at 1.  Counts 5, 6, 9, 21, and 41 charged

Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2.

Judgment at 1.  Count 22 alleged Possess with Intent to Distribute Heroin, in violation of 21

U.S.C. § 841(a) and 18 U.S.C. § 2.  Judgment at 1.

On November 30, 1993, Defendant was sentenced, the Presentence Investigation Report

("PSR") having been prepared, to the following terms of imprisonment: Count 1 – Life; Count 3

– 480 months; Count 9 – 480 months; Count 21 – 480 months; Count 41 – 480 months; Count 5

– 240 months; Count 6 – 240 months; Count 22 – 240 months.  Docket No. 2:93cr66-1 at 3;

Judgment at 2.  Certain terms of imprisonment were ordered to run concurrent with other terms

of imprisonment.  Judgment at 2.  The Court further ordered that if Defendant is released from

confinement, he shall be on supervised release for a term of five (5) years for each count to run

concurrent.  Docket No. 2:93cr66-1 at 3; Judgment at 3.  The Sentencing Guidelines

("Guidelines") utilized by the Court showed a total offense level of forty-eight (48), a criminal

history category of III, and a minimum term of imprisonment of Life.  Judgment at 5.

On February 15, 1995, the Court received a certified copy of the Judgment and Opinion

of the Court of Appeals for the Fourth Circuit ("Fourth Circuit") which affirmed Defendant's

conviction and sentence.  Docket No. 2:93cr66-1 at 3.  On July 17, 2001, the Court dismissed

Defendant's motion pursuant to 28 U.S.C. § 2255 ("§ 2255") as untimely.  Docket No. 2:93cr66-

1 at 4.  The Fourth Circuit dismissed Defendant's appeal of the Court's ruling on his § 2255

motion, and later denied Defendant's motion for authorization to file a successive application for

relief.  Docket No. 2:93cr66-1 at 4.

On May 31, 2007, Defendant filed his Motion for Reduction of Sentence pursuant to §

3582(c)(2).  Doc. 4.

## II. LEGAL PRINCIPLES AND APPLICATION

### A. Application of § 3582(c)(2)

Pursuant to § 3582(c)(2), the Court "may reduce the term of imprisonment" of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in [18 U.S.C. § 3553(a) ("§ 3553(a)")]."  In determining whether to reduce a defendant's sentence under § 3582(c)(2), the Court must determine whether "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The factors to be considered include:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed to:
   a. Reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense;
   b. Afford adequate deterrence to criminal conduct;
   c. Protect the public from further crimes of the defendant; and
   d. Provide the defendant with needed educational and vocational training, medical care, or other correctional treatement in the most effective manner;
3. The kinds of sentences available;
4. The sentencing range established by the Sentencing Guidelines and pertinent Policy Statements by the Sentencing Commission;
5. The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
6. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The applicable policy statement, U.S.S.G. § 1B1.10, provides "a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)" if the defendant is serving a term of imprisonment and the Guidelines applicable to the defendant have been lowered by an amendment to the Guidelines listed in U.S.S.G. § 1B1.10(c).   U.S.S.G. § 1B1.10(a).  Amendment 505 to Appendix C of the Guidelines ("Amendment 505") is listed in

U.S.S.G. § 1B1.10(c).  Amendment 505 provides, in pertinent part, that "30,000 KG [kilograms] or more of Marihuana" causes a base level of 38, rather than the previous base level of 42 for "300,000 KG [kilograms] or more of Marihuana."  In determining the extent of any reduction to the term of imprisonment, the Court "should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced," and may not sentence the defendant to a term of imprisonment lower than the term already served by the defendant.  U.S.S.G. § 1B1.10(b).

### B. Court's Discretion to Reduce the Sentence

After determining whether the Court may grant a sentencing reduction pursuant to § 3582(c)(2), the Court then considers the factors set out in § 3553(a) as to the appropriate use of its powers.  United States v. Goines, 357 F.3d 469, 480-81 (4th Cir. 2004); 18 U.S.C. § 3582(c)(2).  Specifically, the Court must review Defendant's sentence considering the new Guidelines in light of the § 3553(a) factors and conclude whether the same term of imprisonment would have been imposed under the adjusted guidelines.  U.S.S.G § 1B1.10(b); 18 U.S.C. § 3582(c)(2); See United States v. Turner, 59 F.3d 481, 483-84 (4th Cir. 1995) (noting "that district courts have discretion to apply [an amendment] retroactively to reduce sentences previously imposed").

### C. Application

The Court concludes Defendant qualifies to be considered for a reduction to his term of imprisonment pursuant to § 3582(c)(2), and determines the applicable total offense level is reduced from forty-eight (48) to forty-four (44) in light of Amendment 505.  This computation is made by reducing the total offense level by four (4), the difference between the previous base level of forty-two (42) and the new base level of thirty-eight (38).  Defendant further "contends

that his additional 2 level enhancement for possession of a dangerous weapon and additional 4 level enhancement for being a organizer or leader are illegal" under United States v. Booker, 543 U.S. 220 (2005).  Doc. 4 at 5.  Because Booker is inapplicable to § 3582(c)(2) motions, Defendant's argument as to these two enhancements is without merit.  United States v. Rolle, 163 Fed. Appx. 245, 245 (4th Cir. 2006) (unpublished) (citing Goines, 357 F.3d at 473; and United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005)).  Accordingly, the Court reconsiders Defendant's sentence in light of the new total offense level of forty-four (44).  Upon application of the new total offense level, the Guidelines still recommend a term of imprisonment of Life.  U.S.S.G. Ch. 5, Pt. A, App. Note 2 (The Sentencing Table) ("An offense level of more than 43 is to be treated as an offense level of 43" which recommends Life imprisonment regardless of the criminal history category.).

Because Defendant's guideline range is not affected by reducing the total offense level from forty-eight (48) to forty-four (44), the Court's consideration of Defendant's sentence is unaffected by the change.  United States v. Benitez, No. 2:97cv373, 2005 U.S. Dist. LEXIS 44731, at *5 (E.D. Va. December 16, 2005) (Smith, J.) (unpublished), aff'd, 191 Fed. Appx. 182 (4th Cir. 2006) (unpublished), cert. denied, 127 S. Ct. 2078 (2007).  Therefore, the Court concludes that Defendant's sentence should not be reduced because the Guidelines are unaffected by the retroactive amendment.

### III. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's motion is **DENIED**.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk,

Virginia 23510.  Said written notice must be received by the Clerk within ten (10) days from the

date of this Opinion and Order.  If Petitioner wishes to proceed in forma pauperis on appeal, the

application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of

Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

      The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Counsel of

Record for the United States, and the Defendant.

      It is so **ORDERED**.


                         /s/
                    HENRY COKE MORGAN, JR.
            SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 23, 2007